IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM B.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:23-CV-37 (RCY) |
| | ) |
| MARTIN O'MALLEY,[2] | ) |
| *Commissioner of the Social Security Administration*, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff William B. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny his Title XVI application for Supplemental Security Income ("SSI"). On November 3, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 16). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for former Acting Commissioner Kilolo Kijakazi as the Defendant in this action.

## I. STANDARD OF REVIEW

"The purpose of magistrate [judge] review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. Mar. 13, 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). To "preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). "[O]bjections must be specific and particularized." *Id.* However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (quoting *Abou–Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Any such "rehashed objections" merit only clear error review. *Hartfield v. Colvin*, No. 2:16cv431, 2017 WL 4269969, at *5 (E.D. Va. Sept. 26, 2017); *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008) (reviewing a report and recommendation for clear error because "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (second alteration in original)).

## II. ANALYSIS

The Court discerns three specific objections to the R&R. First, Plaintiff argues that the Magistrate Judge did not identify how the Administrative Law Judge ("ALJ") satisfied his regulatory burdens with respect to providing a "sufficient articulation of the . . . supportability requirement," and in so doing "fails to recognize the Court's obligation to review the Commissioner's final determination to find whether it is supported by substantial evidence *and* whether it complies with controlling law." Pl.'s Obj. 2–3, ECF No. 18. Second, Plaintiff "objects to the Magistrate Judge's conclusion that Dr. Veech's role as [Plaintiff's] primary care provider

2

was irrelevant." *Id*. at 3.  Finally, Plaintiff argues that the Magistrate Judge failed to "evaluate [the ALJ's decision] for compliance with the controlling law" when the Magistrate Judge determined that the ALJ satisfied his burden to articulate the basis for his consistency evaluation. *Id*. at 4.

### A.  Objections Regarding Supportability and Consistency Conclusions

The Court finds that Plaintiff's first and third objections simply rehash Plaintiff's arguments from his motion for summary judgment:  that the ALJ failed to sufficiently articulate why he found the opinion of Dr. Veech, Plaintiff's primary medical treatment provider, to be neither supported by or consistent with the record evidence.  *See* Pl.'s Mot. Sum. J. 6; R&R 1–2, 11–12 (explaining the role of the supportability and consistency factors in an ALJ's evaluation of medical opinions).  Although Plaintiff endeavors to couch the arguments this time as derelictions of duty on the part of the Magistrate Judge (e.g., "fail[ing] to recognize the Court's obligation to review the Commissioner's final determination to find whether it . . . complies with controlling law," Pl.'s Obj. 3), the Court is not persuaded.  The Magistrate Judge properly framed her analysis within the standard of determining "whether:  (1) the ALJ applied the correct legal standards; and (2) the ALJ's findings [were] supported by substantial evidence."  R&R 10 (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)).  "With this standard in mind," the Magistrate Judge proceeded to address and reject these exact arguments.  R&R 10.  Therefore, the Court finds *de novo* review unnecessary for these objections and reviews the relevant portions of Magistrate Judge's R&R for clear error only.  *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019); *Veney*, 539 F. Supp. 2d at 844–46.

Having reviewed the record, the Court finds no clear error in the Magistrate Judge's assessment of the ALJ's supportability and consistency analysis and therefore will overrule the Plaintiff's first and third objections on that basis.

## B. Objection Regarding Characterization of Dr. Veech's Role

Plaintiff's remaining objection—that the Magistrate Judge "conclu[ded] that Dr. Veech's role as a primary care provided was irrelevant," Pl.'s Obj. 3—does not withstand close scrutiny. As the Commissioner's Response points out, this is a mischaracterization of the Magistrate Judge's conclusion. Def.'s Resp. 4–5. Magistrate Judge Speight considered Dr. Veech's role as part of her broader supportability review. R&R 13–15. In doing so, she observed that, under the applicable regulations, the ALJ was not obligated to "give controlling weight to a treating physician's opinion." R&R 14 (citing 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). She further noted that the applicable regulations do not require an ALJ "to explain how [a medical source's relationship with a claimant] was considered in the opinion." *Id*. at 15 (citing 20 C.F.R. § 416.920c(b)–(c)). On the basis of those regulations, she found that "the ALJ applied the proper standards in weighing Dr. Veech's opinion and considering its supportability." *Id*. This is a far cry from dismissing Dr. Veech's role as irrelevant.

To the extent Plaintiff endeavors to argue that the Magistrate Judge mischaracterized *Plaintiff's* argument and that the thrust was not that the ALJ should have given Dr. Veech's opinion controlling weight, but rather that the ALJ should simply have allotted the opinion "*greater* supportability," *see* Pl.'s Obj. 4–5 (emphasis added), the Court is again unpersuaded. On review of an ALJ's finding, the Court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d

4

650, 653 (4th Cir. 2005) (second alteration in original). Yet that is what Plaintiff asks the Court to do here, without providing any legal basis for such a reweighing.

Accordingly, having reviewed the record and the applicable legal standards, the Court will overrule this objection.

### III.  CONCLUSION

Having reviewed the record, Plaintiff's objections, and the Magistrate Judge's detailed R&R, this Court will overrule Plaintiff's objections to the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

An appropriate Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  March 13, 2024